```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF GEORGIA
                       STATESBORO DIVISION
```

|                                          |   |              |
|------------------------------------------|---|--------------|
| STEVE LANE,                              | * |              |
|                                          | * |              |
|     Plaintiff,       | * |              |
|                                          | * | CV 617-082   |
|     v.               | * |              |
|                                          | * |              |
| UNITED STATES OF AMERICA,                | * |              |
| UNITED STATES DEPARTMENT OF              | * |              |
| AGRICULTURE, and SONNY PERDUE,           | * |              |
| in his Official Capacity as              | * |              |
| Secretary of the United States           | * |              |
| Department of Agriculture,               | * |              |
|                                          | * |              |
|     Defendants.      | * |              |

# O R D E R

Before the Court is Plaintiffs' "Emergency Motion for Injunctive Relief." (Doc. 21.) Pursuant to 5 U.S.C. § 705, Plaintiff requests the Court stay the five-year debarment penalty imposed by the United States Department of Agriculture (the "Department") pending review of that decision by this Court. Because the Court finds that a stay is warranted under § 705, the Court **GRANTS** Plaintiff's motion.

## I. Background

In 2009 Plaintiff filed a claim for crop insurance with the Great American Insurance Company ("Great American") to recover drought insurance on 44-acres of non-irrigated "dry land"

tobacco. After its adjuster inspected Plaintiff's land, Great American approved the claim.

In 2012 Randy Upton, an investigator with the Risk Management Agency for the Department of Agriculture ("RMA"), began to investigate Plaintiff on the suspicion that he was involved in a major scheme to defraud the Federal Crop Insurance Program ("FCIP"). Based on the results of Mr. Upton's investigation, the RMA determined that Plaintiff's farm did not experience a drought in 2009 and it recommended that Great American void the insurance policy. Subsequently, Plaintiff and Great American engaged in federally-mandated arbitration. The arbitrator found in favor of Plaintiff and "would have allocated all costs and expenses for the action against the Authorized Insurance Provider if federal regulations permitted such an award." (Doc. 11, at 7.)

In December 2014, the Government proceeded with administrative action against Plaintiff. Administrative Law Judge ("ALJ") Janice K. Bullard held a two-day hearing in June 2015. On April 5, 2016, the ALJ issued an order finding Plaintiff "willfully and intentionally provided false or inaccurate information to the Federal Crop Insurance Corporation or to [Great American] with respect to an insurance plan or policy under the Federal Crop Insurance Act." (Doc. 12, at 13.) The ALJ imposed an $11,000 fine and a five year debarment in which Plaintiff was disqualified "for five years from receiving any monetary or non-monetary benefit under various statutory

2

provisions [as well as] any law that provides assistance to a producer of an agricultural commodity affected by a crop loss or a decline in the prices of agricultural commodities." (Doc. 15, at 6.) In other words, the ALJ barred Plaintiff from participating in the FCIP.

Plaintiff now seeks a stay of his debarment pursuant to 5 U.S.C. § 705. Plaintiff claims that without crop insurance, he cannot obtain the loans he needs to operate his farm in the upcoming growing season. Plaintiff further claims that "if he is unable to farm, he will in most likelihood lose his family farm and equipment to foreclosure." (Doc. 21, at 5.)

## II. Discussion

5 U.S.C. § 705 states, in pertinent part:

> When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review. On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court . . . may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.

When determining whether to grant a stay under § 705, seemingly every court has applied the four factors traditionally required to obtain a preliminary injunction under Federal Rule of Civil Procedure 65: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if

3

the court grants the stay; and (4) the public interest in granting the stay." Cuomo v. United States NRC, 772 F.2d 972, 974 (D.C. Cir. 1985); see also Associated Sec. Corp. v. SEC, 283 F.2d 773, 774-75 (10th Cir. 1960); Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958); Sierra Club v. Jackson, 833 F. Supp. 2d 11, 30 (D.D.C. 2012).

Both parties contend that the same standard which governs a preliminary injunction governs a stay under § 705. They disagree, however, as to how the Court should apply the standard. Plaintiff contends that the Court may balance the four factors such that a more irreparable injury can counterbalance a lower probability of success and vice versa. The Government, on the other hand, contends that Plaintiff must demonstrate that "all four factors weigh in favor of [an] injunction." (Doc. 24 at 3.)

The Court finds that Plaintiff's balancing approach is more in line with the language of § 705. The plain language of § 705 gives courts ample room to make an equitable decision when granting a stay and does not confine them to the four factors needed to grant a preliminary injunction under Rule 65. Additionally, the primary concern of § 705 appears to be whether or not the party requesting review would suffer "irreparable injury" absent a stay. Thus, the Court will consider all of the four factors required for a preliminary injunction, but it will not require Plaintiff to demonstrate that all four factors weigh

4

in favor of a stay. Instead, it will _balance_ the four factors to determine whether a stay is warranted as a matter of equity.

First, the Court finds that Plaintiff will suffer irreparable harm absent a stay of his five year debarment. Plaintiff submitted an affidavit stating that he attempted to secure crop financing for the 2018 growing season but was denied financing because he could not obtain crop insurance. (Doc. 21-1.) Plaintiff also submitted an affidavit from his banker, Luke Lanier, the Vice-President of Durden Banking Company, Inc., which states that Durden Bank could not grant Plaintiff a loan without a crop insurance policy. (Doc. 26-1.)

Second, the Court finds that Plaintiff has a probability of succeeding on appeal. Plaintiff raises many evidentiary issues which could potentially demonstrate that the ALJ's decision was "arbitrary and capricious." While the Court admits the Plaintiff faces an uphill battle given the standard of review, the record at bar indicates that his appeal is certainly not frivolous.

Third, the Court finds that the prospect of other parties being harmed because of the stay is low. The only parties which might be harmed should a stay be granted are potential lenders to Plaintiff. This harm, however, can be abated by the Court imposing a condition that Plaintiff inform potential lenders that he might lose his crop insurance for the 2018 growing season should this Court rule against him. Thus, any potential lenders can adequately assess the risks before lending to Plaintiff.

5

Fourth, the Court finds that granting the stay will not harm the public interest. Plaintiff has operated his farm without incident for nearly a decade since he allegedly defrauded the Federal Insurance Program. Additionally, while the public interest is served by the prompt enforcement of rules and regulations, it is also served by ensuring that citizens have recourse to Article III courts as a check on the powers of administrative agencies.

Balancing these four factors, the Court concludes that Plaintiff is entitled to a stay of the agency action under 5 U.S.C. § 705.

### III. Conclusion

Upon the foregoing, the Court **GRANTS** Plaintiff's motion. (Doc. 21.) The Department **SHALL STAY** its enforcement of Plaintiff's debarment pending the conclusion of this Court's judicial review. As a condition of this stay Plaintiff **SHALL** inform any potential lenders that his crop insurance is subject to rescission upon an adverse judgment by this Court. This stay **SHALL NOT** apply to the fine imposed by the ALJ.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of February, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA