# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

STEVE LANE,                          *
                                     *
    Plaintiff,                *
                                     *
        v.                    *       CV 617-082
                                     *
UNITED STATES OF AMERICA,            *
UNITED STATES DEPARTMENT OF          *
AGRICULTURE, and SONNY               *
PERDUE, in his Official              *
Capacity as Secretary of the         *
United States Department             *
of Agriculture,                      *
                                     *
    Defendants.               *

## O R D E R

Pending before the Court is Plaintiff Steve Lane's Motion for Attorneys' Fees and Costs. (Doc. 32). For the reasons set forth below, Plaintiff's motion is **DENIED** as untimely.

Plaintiff filed his motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), on April 19, 2019. (Docs. 32, 37.) Section 2412(d)(1)(B) requires a party to submit an application for fees "within thirty days of final judgment in the action." "This requirement is jurisdictional in nature, . . . thus, a claimant's failure to file an EAJA application within this time constraint precludes a district court from considering the merits of the fee application." See Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990) (citations omitted).

Shalala v. Schaefer lays out the framework for analyzing whether an EAJA motion was timely filed. 509 U.S. 292, 302-03 (1993). First, "[a]n EAJA application may be filed until 30 days after a judgment becomes 'not appealable' — *i.e.* 30 days after the time for appeal has ended." Id. at 302. The time for appeal does not end until sixty days after "entry of judgment" when a federal officer is a party, as is the case here. Id. (citing Federal Rule of Appellate Procedure 4(a)). Therefore, the final day to file a fee application in this case would be 90 days after entry of judgment. A judgment is considered entered under Rule 4(a) when it is entered in compliance with Federal Rule of Civil Procedure 58, which, in turn, "requires a district court to set forth every judgment 'on a separate document.'" Shalala, 509 U.S. at 302.

Here, the Court entered its Order disposing of the Parties' cross motions for summary judgment on September 6, 2018, and the Clerk entered a separate Clerk's Judgment reflecting the Court's Order a day later. The judgment became final sixty days later, starting Section 2412(d)(1)(B)'s thirty-day countdown, which ended in January of 2019. Plaintiff did not file the instant motion until April of 2019, over 200 days after the entry of judgment. Therefore, Plaintiff's motion is untimely and must be denied.

For the reasons set forth above, Plaintiff's motion for attorney's fees (doc. 32) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 7th day of October, 2019.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA